FILED
MAR 1 1 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MONDOR KHOURY,                ) No. 03-cv-01225-DLJ
                              ) No. 99-cr-00093-DLJ
           Petitioner,        )
                              )
     v.                       )
                              ) **ORDER**
UNITED STATES OF AMERICA,     )
                              )
           Defendant.         )
_____)

On March 28, 2001, Mondor Khoury (Khoury) was convicted by a jury of conspiracy to manufacture and distribute methamphetamine. On June 27, 2001, Khoury was sentenced to 292 months imprisonment and 5 years of supervised release. On direct appeal, his convictions and sentence were affirmed on July 2, 2002.

Khoury filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255 on June 9, 2003, on grounds of: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) judicial errors at sentencing in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). On June 14, 2005, the Court dismissed most of the claims and ordered an evidentiary hearing on Khoury's claim of ineffective assistance of trial counsel. On January 19, 2007, following a January 10 hearing, the Court dismissed two of the ineffective assistance of counsel sub-claims. At an evidentiary hearing on

1  August 14, 2007, the Court heard testimony by Khoury and by both
2  of his trial attorneys, Robert Blasier (Blasier) and Peter Kmeto
3  (Kmeto), regarding proposed plea agreements that Khoury claims
4  was never communicated to him by his counsel. Khoury says that
5  he first became aware of the existence of a proposed written plea
6  agreement in 2004 after his wife retrieved his case file from his
7  trial attorney.

8  Having reviewed the papers submitted, the arguments of
9  counsel, the record in this case, and the applicable law, the
10  Court DENIES Khoury's § 2255 motion.

## I. BACKGROUND

12  The factual background has been previously recounted in the
13  Court's order of June 14, 2005.

14  Following his arrest in this case on September 14, 1999,
15  Khoury was assigned Charles M. Bonneau Jr. (Bonneau) to represent
16  him on the drug trafficking charges filed against him. On
17  January 20, 2000, Robert D. Blasier Jr. (Blasier) replaced
18  Bonneau as Khoury's attorney.

19  Blasier testified that during the time he represented
20  Khoury, he engaged in negotiations with the government for
21  resolution of the case through a guilty plea in light of the fact
22  that Khoury faced a possible sentence between 20 years and life
23  in prison if convicted at trial. There was, additionally, a risk

2

1  that his co-conspirators would testify against him at trial.  On
2  May 15, 2000, pursuant to the negotiations, Khoury debriefed with
3  the prosecutor and investigating agents for the government
4  regarding his involvement in the drug conspiracy.  During this
5  debriefing, Blasier concluded that Khoury was being deceptive and
6  the government's attorney advised Blasier that he likewise
7  doubted Khoury's veracity.

8  Blasier testified that he negotiated a potential plea
9  agreement for Khoury that contemplated reduction of his sentence
10 to a term of 87 months and additionally provided for the
11 possibility of further reduction if Khoury substantially assisted
12 the government in its criminal investigations and prosecutions.
13 Khoury insisted that the plea be binding on the court and the
14 probation office.  A plea agreement of this type, however, was
15 not available as the government refused to enter a plea agreement
16 under Fed. R. Crim. P. 11(e)(1)(C), the predecessor to the
17 present Rule 11(c)(1)(C).  Blasier, however, recommended to
18 Khoury that he plead under the agreement which had been proffered
19 by the government.  A change of plea hearing was calendered for
20 November 9, 2000.

21 At the hearing on November 9, 2000, Khoury refused to sign
22 the plea agreement because it was not binding on the court.
23 Thereafter, Blasier found that his relationship with his client

1  had deteriorated to the point that he could no longer adequately
2  represent Khoury.  Peter Kmeto (Kmeto) replaced Blasier as
3  Khoury's counsel.

4  On January 4, 2001, the grand jury returned a third
5  superseding indictment charging Khoury with four counts charging
6  conspiracy to manufacture drugs and possession with intent to
7  distribute drugs.  Kmeto immediately began preparing for trial.
8  As Khoury's co-conspirators had, by this point, all pled guilty,
9  Kmeto also tried to negotiate a plea agreement.  The government
10 advised Kmeto that Khoury would have to plead to a greater term
11 as the earlier offer was no longer available.  Kmeto stated that
12 he discussed this offer with Khoury but that Khoury was not
13 interested in it.

## II. DISCUSSION

15 Khoury's only outstanding claim is that his trial counsel
16 was ineffective in violation of his Sixth Amendment right to
17 effective counsel.  Strickland v. Washington, 466 U.S. 668, 686
18 (1984).  Under Strickland, Khoury must show first that defense
19 counsel's performance was deficient, and second that defense
20 counsel's deficient performance prejudiced his case.  Id at 687-
21 88, 694.  The court is not required to consider both components
22 of this inquiry if the petitioner has made an insufficient
23 showing on one.  Id at 697.  Khoury fails to establish the

4

1  necessary facts to demonstrate his counsel's ineffective
2  assistance.
3      To establish deficient performance Khoury must show that
4  counsel's performance fell below an objective standard of
5  reasonableness. <u>Id</u> at 688. He claims that defense counsel
6  failed to advise him of the plea offer under which he would serve
7  at most 87 months. A failure of counsel to advise his client of
8  a plea offer constitutes a gross deviation from accepted
9  professional standards. <u>United States v. Blaylock</u>, 20 F.3d 1458,
10 1465 (9th Cir. 1994)(citing <u>United States ex rel. Caruso v.</u>
11 <u>Zlinsky</u>, 689 F.2d 435, 438 (3rd Cir. 1982)).
12     Both Blasier and Kmeto testified at the evidentiary hearing
13 that they had in fact conveyed the terms of proposed plea
14 agreements to Khoury, and had discussed such proposed pleas with
15 him. It was developed at the hearing that Blasier had written a
16 letter to Khoury in which he stated that he did not have any
17 discussion with Khoury about possible plea agreements. At the
18 hearing Blasier stated that he had written the letter, but that
19 it was his first response when Khoury contacted him several years
20 after his representation, and that he had not reviewed hir files
21 when he sent the letter. Blasier further stated that his
22 response was different after reviewing the file, in particular a
23 September 10, 2000, memorandum he had written stating that he had

5

1  sent a copy of the proposed plea agreement to Khoury, and a
2  September 18, 2000, memorandum he had sent to the prosecution
3  requesting additions and changes to the plea offer.  Khoury
4  testified at the evidentiary hearing and stated that he did
5  recall verbal discussions with Blasier about proposed plea
6  agreements, but that he had never seen any written plea offer.

7      The contradictory testimony presented in the hearing raises
8  credibility issues for the Court to resolve.  In addition to the
9  testimony cited, the Court notes two other circumstances.  As
10 already indicated, a change of plea hearing is shown on the case
11 docket.  This event supports a finding that it was preceded by
12 discussions involving the prosecutor and defense counsel, and by
13 Khoury and his counsel.  The Court finds that Blasier's testimony
14 is true when he stated that, in accordance with his usual
15 practice, he had shown the proposed plea agreement to Khoury at
16 the time.  The Court further notes that the sentencing Judge
17 added 2 levels to the base offense level calculation based upon
18 his finding that Khoury had testified falsely at the trial.  On
19 this record the Court finds that Blasier's testimony truthfully
20 describes what happened and supports a decision that Counsel's
21 performance was not deficient under the first prong of the
22 Strickland test.  See Strickland, 466 U.S. at 686-89.

23     Because Khoury's claim fails the deficient performance prong

of the Strickland test, the Court need not proceed to the second prong requiring a showing of prejudice.  The Court notes, however, that this prong would require the Court to find that Khoury was credible when he says that he would have agreed to a plea if he had been shown the written plea proposal itself.  The same reasons that led the Court to find that Khoury was not credible as to the issue posed by the first prong would be equally relevant to the second prong.

### III.  CONCLUSION

For the reasons stated above, Khoury's § 2255 motion is DENIED on its merits.


IT IS SO ORDERED


Dated:     March 10, 2008

_____
D. Lowell Jensen
United States District Judge